UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-05267-MWF (CWx)**                              Date:  **July 2, 2012**

Title:     Patrick Collins, Inc. -*v*- John Does 1 through 10

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                         None Present

PROCEEDINGS (IN CHAMBERS):  ORDER RE: PLAINTIFF PATRICK COLLINS, INC.'S EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE [5]

    On June 18, 2012, Plaintiff Patrick Collins, Inc. ("Collins") filed a Complaint against Doe Defendants 1-10 ("Doe Defendants"), alleging claims for (1) direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and (2) contributory copyright infringement.  Specifically, Collins alleges that Doe Defendants used a peer-to-peer file sharing protocol to download and upload Collins's copyrighted work without authorization. Collins hired IPP, Limited ("IPP") to identify Doe Defendants' Internet Protocol ("IP") addresses through the use of forensic software.  IPP was able to extract Doe Defendants' IP addresses and also ascertain that Doe Defendants had copied the copyrighted work.  (Compl. Ex. A (Docket No. 1)). The IP addresses were distributed by Bel Air Internet, Cox Communications and Verizon Internet Services, Doe Defendants' Internet Service Providers ("ISPs").  (*Id.*)

    Collins now seeks leave to serve limited, immediate discovery on the ISPs so that Collins may learn Doe Defendants' true identities.  Collins intends to serve subpoenas on the ISPs pursuant to Federal Rule of Civil Procedure 45, seeking to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-05267-MWF (CWx)**                                Date:  **July 2, 2012**

Title:      Patrick Collins, Inc. -v- John Does 1 through 10

---

identify each Doe Defendant's true name, address, telephone number and e-mail address.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." District courts in the Ninth Circuit have ordered pre-conference discovery upon a showing of "good cause."  *See, e.g.*, *Malibu Media, LLC v. John Does 1-10*, No. CV 12-01642-RGK (SSx) (C.D. Cal. Apr. 2, 2012); *UMG Recording, Inc. v. Doe*, No. C-08-03999 RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); *Arista Records LLC v. Does 1-43*, Civil No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007); *Capitol Records, Inc., v. Doe*, Civil No. 07-cv-1570-JM (POR), 2007 WL 2429830 (S.D. Cal. Aug. 24, 2007); *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal.2002).  In addition, the Ninth Circuit has held that "where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

After reviewing Collins's Ex Parte Application (Docket No. 5) and the Declarations of Tobias Fieser and Leemore Kushner, the Court finds that Collins has demonstrated "good cause."  This finding is based on (1) the allegations of copyright infringement in Collins's Complaint; (2) the fact that, without such discovery, Collins cannot identify the Doe Defendants; (3) the risk that the ISPs will delete or destroy records containing Doe Defendants' identifying information; (4) the narrowly tailored discovery request, which seeks the minimum information required to advance this lawsuit without prejudicing Doe Defendants; and (5) the Court's finding that pre-conference discovery will allow Collins to advance the asserted claims.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-05267-MWF (CWx)**                                Date:  **July 2, 2012**

Title:        Patrick Collins, Inc. -*v*- John Does 1 through 10

---

In light of the foregoing, the Court GRANTS Collins's Ex Parte Application.  Accordingly, the Court ORDERS the following:

1. Pursuant to Federal Rule of Civil Procedure 45, Collins may serve subpoenas on the ISPs that seek information sufficient to identify Doe Defendants, including their names, current addresses, telephone numbers and e-mail addresses;

2. Collins only may use the information disclosed for the sole purpose of protecting its rights in pursuing this litigation;

3. Within thirty (30) calendar days after service of the subpoenas, the ISPs shall notify the subscribers that their identities are sought by Collins and shall deliver a copy of this order to them;

4. If the ISPs and/or Doe Defendant(s) wish to move to quash the subpoena, they shall do so before the return date of the subpoenas.  If such a motion is brought, the ISPs nonetheless shall preserve the information sought in the subpoenas pending resolution of such motion;

5. The ISPs shall not require Collins to pay a fee in advance of providing the subpoenaed information; nor shall the ISPs require Collins to pay a fee for an IP address that is not controlled by it, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISPs' internal costs to notify its subscribers.  If necessary, the Court shall resolve any disputes between the ISPs and Collins regarding the reasonableness of the amount proposed to be charged by the ISPs after the subpoenaed information is provided to Collins.

IT IS SO ORDERED.

---