Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

Attorney for: Putative John Doe No. 5 in 12-cv-5267
              Putative John Doe No. 7 in 12-cv-5268

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN DOES 1 through 10,<br><br>            Defendants. | Case Number(s):  2:12-cv-05267-JVS-RNB<br>                      2:12-cv-05268-JVS-RNB<br><br>Assigned to Hon. James V. Selna<br>Referred to Hon. Robert N. Block<br><br>**REPLY IN SUPPORT OF**<br>**JOHN DOES' OMNIBUS MOTION**<br><br>Hearing Date:   November 5, 2012<br>Hearing Time:  1:30 p.m.<br>Hearing Room: Courtroom 10C, Santa Ana<br>                      Before Judge Selna<br><br>Rule 26(f) Conference: January 7, 2012 |

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF AUTHORITIES ................................................................................. iii

JOHN DOES' REPLY TO PLAINTIFF'S OPPOSITION ........................................ 1

    (a)  The Court Should Sever and Dismiss the Claims Against all John Doe
          Defendants Other than Doe No. 1 ........................................................... 2

    (b)  The Court Should Reconsider and Vacate the Early Discovery Order
          Because the Subpoenas, Which Seek ISP Subscriber Billing Information,
          are Not "Very Likely" or Even "Reasonably Likely" to Identify Actual
          Defendants ............................................................................................. 4

    (c)  The Patrick Collins Cases Before This Court Are Essentially Identical to
          the Malibu Media Cases Pending Before Judge Klausner and Judge Drozd
          5

    (d)  Various Other Assertions Made in the Opposition are Incorrect or
          Irrelevant ............................................................................................... 7

    (e)  Conclusion ............................................................................................. 9

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

1

### TABLE OF AUTHORITIES

2

*Cases*

3

*Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000)……………….. 2

4

*DigiProtect USA Corp. v. Doe*, 2011 U.S. Dist. LEXIS 109464,

5

      (S.D.N.Y. Sept. 26, 2011)…………………………………………………………….. 3

6

*Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170,

7

      Dkt. No. 18, 5/15/12 ("*Digital Sins*")……………………………………....... 10

8

*Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980)……………………………. 4, 5

9

*Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150

10

      (N.D. Cal. August 23, 2011) Case No. 11-cv-01566, ECF No. 18

11

      ("*Hard Drive Prods.*")………………………………………………………… 3

12

*Hubbard v. Hougland*, 2010 U.S. Dist. LEXIS 46184 (E.D. Cal. Apr. 5, 2010)…………...2

13

*In re: BitTorrent Adult Film Copyright Infringement Cases*,

14

      2012 U.S. Dist. LEXIS 61447, (E.D.N.Y. May 1, 2012)

15

      Case No. CV-11-3995-DRH-GRB, Dkt. No. 39

16

      ("*In re: Adult Film Cases I*")......................................................4, 6, 10

17

*In re: BitTorrent Adult Film Copyright Infringement Cases*,

18

      E.D.N.Y. Case No. 12-cv-1147-JS-GRB, Dkt. No. 9, 7/31/12

19

      ("*In re: Adult Film Cases II*")…………………………………………… 3

20

*Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 2:12-cv-3623-ODW-PJW,

21

      ECF No. 7, 6/27/12, ("*Malibu Media I*") (Wright, J.)…………………………2, 3

22

*Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 2:12-cv-3614-RGK-SS,

23

      ECF No. 35, 10/10/12 ("*Malibu Media II*") (Klausner, J.)………………….. passim

24

*Malibu Media, LLC v. John Does 1-13*, E.D. Cal. Case No. 2:12-cv-1260-JAM-DAD

25

      10/10/12 ("*Malibu Media III*") (Drozd, M.J.)…………………………… 1, 3

26

*Malibu Media, LLC v. John Does 1-35,* S.D. Cal. Case No. 2:12-cv-1135-LAB-DHB,

27

      ECF No. 1 …………………………………………………………..7

28

*Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 96351

    (E.D. Cal. July 10, 2012)…………………………………………… 10

*Malibu Media, LLC* v. Doe, 2012 U.S. Dist. LEXIS 96333

    (E.D. Cal. July 10, 2012)…………………………………………...10

*Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 94705

    (E.D. Cal. July 6, 2012)…………………………………………… 10

*Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 96350

    (E.D. Cal. July 10, 2012)…………………………………………...10

*Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 75986

    (E.D.N.Y. May 31, 2012)…………………………………………...10

*Patrick Collins, Inc. v. John Does 1 through 26,*

    S.D. Cal. Case No. 3:12-cv-1371-JAH-BGS, ECF No. 1………………………......….7

*Zero Tolerance Entm't, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 78834

    (S.D.N.Y. June 5, 2012)………………………………………………10

***Rules***

Fed. R. Civ. Proc. 20……………………………………………………….2, 3

Fed. R. Civ. Proc. 21……………………………………………………….4

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

## JOHN DOES' REPLY TO PLAINTIFF'S OPPOSITION

Since February 27, 2012, plaintiff's counsel Leemore Kushner has filed at least thirty-eight (38) separate lawsuits in this district against various groups of John Doe Defendants for claims of copyright infringement.  Thirty-three (33) of these cases, all of which were ultimately transferred to Judge Klausner, were filed by Ms. Kushner on behalf of plaintiff Malibu Media, LLC.  Five (5) of these cases, all of which were ultimately assigned to this Court, were filed by Ms. Kushner on behalf of plaintiff Patrick Collins, Inc.  Similarly, Ms. Kushner has also filed twenty-four (24) cases in the Southern District of California, and seventeen (17) essentially identical cases in the Eastern District of California, all on behalf of Malibu Media and Patrick Collins. As explained below, the Malibu Media cases and the Patrick Collins cases are identical for present purposes.

The issues raised in the Does' instant omnibus motion[1] have been briefed by the undersigned and by Ms. Kushner multiple times over the last few months, in various courts around California, including this one.  However, since the motion papers were filed, two Courts have now had an opportunity to rule on precisely the arguments raised here, and both Courts have sided with the Does for the reasons urged by the undersigned.

On October 10, 2012, ***Judge Klausner of the Central District of California issued a detailed order in the thirty-three (33) Malibu Media cases pending in this district***, denying early discovery, severing the Does, and dismissing all claims except those pending against Doe No. 1. *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 2:12-cv-3614-RGK-SS, ECF No. 35, 10/10/12 ("*Malibu Media II*").

A similar fate recently befell Ms. Kushner's Malibu Media cases in the Eastern District of California.  After Magistrate Judge Drozd was referred all of the Malibu Media cases pending in the Eastern District, he reconsidered and then vacated the prior orders authorizing early discovery, and recommended that the Does be severed and dismissed. *Malibu Media, LLC v. John Does 1-13*, E.D. Cal. Case No. 2:12-cv-1260-JAM-DAD 10/10/12 ("*Malibu Media III*").  This Court should take the same tack.

---

[1] Filed August 30, 2012, 12-cv-5267 ECF No. 11, 12-cv-5268 ECF No. 21.

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

**(a)** **The Court Should Sever and Dismiss the Claims Against all John Doe Defendants Other than Doe No. 1**

As Judge Klausner held with respect to the Malibu Media cases, joinder of the Does in this action is not permissible. *Malibu Media II, supra,* p. 5 ("These facts suggest that Defendants are not related for purposes of permissive joinder. . . .being part of the same 'swarm' is insufficient to show that Defendants acted in concert in a single transaction or in the same series of transactions").

Here, relying on analysis from Judge Randon of the Eastern District of Michigan, Plaintiff attempts to argue that the "logical relationship" test saves the day on joinder. (Oppo. pp. 6–9)[2].  However, while participation in a BitTorrent swarm may satisfy the "logical relationship" test as explained by Judge Randon, that test is not the law on this Circuit.  On the Ninth Circuit, only a "very definite logical relationship" is sufficient to support joinder. *Hubbard v. Hougland*, 2010 U.S. Dist. LEXIS 46184 (E.D. Cal. Apr. 5, 2010); *citing Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000). And as Judge Randon and the other decisions on which plaintiff relies demonstrate, the "swarm joinder" theory is premised on a nebulous, ***indefinite*** number of theoretical connections in order to establish a linkage.  Accordingly, this Court should side with a majority of other courts across the country,[3] and reject the "swarm joinder" theory, because it does not comport with binding Ninth Circuit precedent.

Further, as Judge Klausner and Judge Wright of this District have held, alleging that Does downloaded pieces of the same movies ***months apart from one another*** does not mean the Does are part of the same "transaction or occurrence" for the purposes of Fed. R. Civ. Proc. 20 *E.g.*, *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-

---

[2] 12-cv-5268, ECF No. 25.

[3] *E.g., Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12, p. 3 (McMahon, J.) (majority view) (severing Does, collecting cases and noting "[t]here is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong"); *cf. AF Holdings LLC v. Does 1-1,058*, D.D.C. Case No. 12-cv-0048 Dkt. 46, 8/6/12 (Howell, J.) (minority view) (denying ISP's motion to quash and refusing severance, but certifying swarm joinder issue for interlocutory appeal to the D.C. Circuit).

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

1  ODW-PJW, ECF No. 7, 6/27/12, p. 5 ("*Malibu Media I*") (Wright, J.) ("The loose
2  proximity of the alleged infringements (March 5, 2012–April 12, 2012) does not show that
3  these Defendants participated in the same swarm") ; *cited with approval by Malibu Media*
4  *II, supra,* p. 5 (Klausner, J.); *see also Hard Drive Productions, Inc. v. Does 1-188*, 809 F.
5  Supp. 2d 1150 (N.D. Cal. August 23, 2011) Case No. 11-cv-01566, ECF No. 18 ("*Hard*
6  *Drive Prods.*") (same, 63 days); *DigiProtect USA Corp. v. Doe*, 2011 U.S. Dist. LEXIS
7  109464, 8-9 (S.D.N.Y. Sept. 26, 2011) (for defendants to be part of same "swarm," must
8  have downloaded movies at "overlapping" times); *Malibu Media III, supra,* p. 3 (Drozd,
9  M.J.) ("it appears clear to this court that plaintiff's joinder of unrelated defendants is
10 improper under Federal Rule of Civil Procedure 20").[4]

11      In an attempt to divert the Court's attention from the controlling legal issues,
12 plaintiff devotes most of its opposition to trying to explain away the "abusive litigation
13 tactics" averred by the Does as accusations amounting to unfair "guilt-by-association."
14 This argument utterly ignores the fact that most of the decisions cited in the Does' brief
15 regarding "abusive litigation tactics" come from court orders, some of which are positively
16 scathing, *specifically addressed to Patrick Collins and Malibu Media. See also, e.g., In re:*
17 *BitTorrent Adult Film Copyright Infringement Cases,* E.D.N.Y. Case No. 12-cv-1147-JS-
18 GRB, Dkt. No. 9, 7/31/12 (*In re: Adult Film Cases II*) (taking counsel for Malibu Media
19 and Patrick Collins to task and noting that "Less than three months after addressing
20 concerns about potentially abusive litigation tactics by plaintiffs in these actions, this Court
21 is *again* confronted with indicia of improper conduct by plaintiffs' counsel, to wit:
22 plaintiffs' counsel apparently ignored, or tried to circumvent, the very safeguards the
23 undersigned put in place to help prevent unfair litigation tactics while permitting plaintiffs
24 to pursue their claims.")

---

[4] In response to this overwhelming authority, plaintiff actually goes so far as to argue that "Time
Lapse is Irrelevant." Oppo. p. 12. According to Plaintiff's theory then, anyone who has ever used
BitTorrent to download a particular movie, from the Big Bang to the present, should be joined in a
single suit, which is clearly ridiculous.

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

Further, Plaintiff completely fails to refute *any* of the specific factual allegations of "abusive litigation tactics" leveled in the declaration (*e.g.*, C.D. Cal. Case No. 12-cv-5267 ECF No. 11-2) submitted in support of the Does' omnibus motion in these cases.  These "abusive litigation tactics" also militate in favor of discretionary severance. *In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447, pp. *11-12 (E.D.N.Y. May 1, 2012) Case No. CV-11-3995-DRH-GRB, Dkt. No. 39 ("*In re: Adult Film Cases I*"); *see also Malibu Media II, supra,* (Klausner, J.) ("even if permissive joinder existed, the Court exercises its discretion to sever Defendants from these lawsuits pursuant to Rule 21.")

**(b)     The Court Should Reconsider and Vacate the Early Discovery Order Because the Subpoenas, Which Seek ISP Subscriber Billing Information, are Not "Very Likely" or Even "Reasonably Likely" to Identify Actual Defendants**

Judge Klausner's order in *Malibu Media II* is also significant because it denies early discovery *even as to John Doe No. 1*, because Malibu Media could not demonstrate good cause for early discovery, despite having two bites at the apple.[5]  Judge Klausner held that *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980) controls, and that the requested discovery should be denied because it was not "very likely" to reveal the identities of the Doe defendants.  *Malibu Media II, supra,* p. 4.  The problem, rightly noted by Judge Klausner, is that "obtaining the subscriber information [by issuing subpoenas to the ISPs] will only lead to the person paying for the Internet service and not necessarily the actual infringer."  *Id.* After reviewing all of the reasons why "the subscriber information is not a reliable indicator of the actual infringer's identity," including the possibility the subscriber has an unsecured WiFi network, as well as the prejudicial effect on innocent subscribers, Judge Klausner further held that "it is ***not even reasonably likely*** that early discovery will

---

[5] After all of the Malibu Media cases were transferred to Judge Klausner on July 10, 2012, the Court issued an order vacating all prior orders authorizing early discovery. *Malibu Media v. John Does 1-10,* No. 2:12-cv-1642-RGK (C.D. Cal.  July 10, 2012). Malibu Media subsequently filed a renewed motion for leave to take early discovery, which was denied as to *all Does, with* prejudice. *Malibu Media II, supra*.

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

lead to Defendants identities and service of process." *Id.* (emphasis added).  In short, Ms. Kushner's practice, which she has repeated here in the Patrick Collins cases, of selectively *assuming* that an ISP subscriber who pays the Internet bill is necessarily the actual Doe defendant has thus explicitly been held insufficient in this District.

It is notable that plaintiff's opposition fails to address, or even cite, the controlling standard for John Doe subpoenas under *Gillespie*.  It is not surprising that plaintiff has presented no plan for how it intends to go from identifying ISP subscribers who pay the Internet bill for their households, to identifying actual John Doe defendants because, in reality, plaintiff does not care to do so.  Rather, Plaintiff simply wants to extort "settlements" from ISP subscribers, upon threat of publicly "naming" them in a lawsuit alleging that they are the John Doe who illegally downloaded pornography, regardless of whether they committed the alleged infringement or not. The prior sentence is, in essence, the heart of plaintiff's business model.

**(c)     The Patrick Collins Cases Before This Court Are Essentially Identical to the Malibu Media Cases Pending Before Judge Klausner and Judge Drozd**

For the purpose of the motion at hand, there are no material differences whatsoever between the multiple-Doe Malibu Media cases recently addressed by Judges Klausner and Drozd, and the Patrick Collins cases now before this Court.

The California Malibu Media and Patrick Collins cases are identical in the following respects: (1) they were all filed by the same local counsel, Leemore Kushner;[6] (2) they all utilize cookie-cutter pleadings, including an essentially identical complaint alleging the same causes of action for copyright infringement of various pornographic films (often the same films in different cases, but different films depending on the plaintiff); (3) they all utilize an essentially identical motion seeking leave to issue third party subpoenas prior to the Rule 26(f) conference; (4) all of the motions seeking leave to issue subpoenas rely on the IP logging services of "IPP" and the declaration of its principal Mr. Tobias Fieser; (5)

---

[6] In reality, the national litigation for Malibu Media, Patrick Collins, Third Degree Films, and several other plaintiffs who have not yet ventured into this District, is all being overseen by the firm of Lipscomb, Eisenberg & Baker, PL, of Miami, FL, which explains the many similarities.

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

in each case, the same legal issues have arisen, including, notably, the permissibility of joinder and procedure for identifying the John Does; and (6) both plaintiffs employ the same group of notorious third-party "settlement negotiators" who work the phones pressuring John Does to "settle," and whose abuses are well chronicled by the Courts. Dec'l. of Morgan E. Pietz, ¶¶ 13-18[7] (Malibu Media, Patrick Collins, K-Beech and others all use same "settlement negotiators"); *see e.g., In re: Adult Film Cases I, supra,* pp. 8-11 (chronicling abuses by K-Beech's settlement negotiators).

The complaints in the Malibu Media and Patrick Collins cases appear to track, paragraph by paragraph (indeed, some Patrick Collins actions were filed on the same day, with consecutive case numbers to Malibu Media cases). Specifically, the undersigned confirmed that complaints from both groups contain the following *identical* (and dubious) factual and legal allegations:

"11.    The ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity.

### Joinder

12.    Pursuant to Fed. R. Civ. Proc. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, Plaintiff asserts that: (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants; (b) the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same torrent file containing Plaintiff's Copyrighted Work[s], and was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against

---

[7] 12-cv-5267, ECF. No. 11-2.

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

ach of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Works." *E.g., compare Malibu Media, LLC v. John Does 1-10,* C.D. Cal. Case No. 2:12-cv-3614-RGK-SS, ECF No. 1, ¶¶ 11, 12 *with Patrick Collins, Inc. v. John Does 1 through 10*, C.D. Cal. 8:12-cv-5267-JVS-RNB, ¶¶ 9, 10; *compare Malibu Media, LLC v. John Does 1-35,* S.D. Cal. Case No. 2:12-cv-1135-LAB-DHB, ECF No. 1, ¶¶ 11, 12; *with Patrick Collins, Inc. v. John Does 1 through 26,* S.D. Cal. Case No. 3:12-cv-1371-JAH-BGS, ECF No. 1, ¶¶ 9, 10.

In short, for the purposes of evaluating the propriety of early discovery and joinder, there is really nothing to distinguish the Ms. Kushner's Malibu Media cases from her Patrick Collins cases, save only the particular pornographic movie at issue.

If this Court takes an approach different to the approach taken by Judge Klausner on early discovery and joinder, the practical result will likely be a form of forum shopping, where mass infringement lawsuits in this District are filed predominantly in Santa Ana.

**(d)    Various Other Assertions Made in the Opposition are Incorrect or Irrelevant**

The first section of plaintiff's opposition after the introduction contains a startling inaccuracy.  According to Plaintiff's counsel, the undersigned "did not send a meet and confer letter to Plaintiff's counsel and made no effort to contact Plaintiff's counsel prior to filing this motion.  Declaration of Leemore Kushner, ¶ 2.  Defendants motion should be denied on this basis alone."  Oppo. p. 4.

The undersigned assumes that Ms. Kushner did not intend to perjure herself on such a relatively small point, particularly given that the same issues raised here have been the subject of multiple motions between counsel here, in several districts.  In any event, lest there be any misunderstanding, a copy of the undersigned's pre-filing meet and confer email to Ms. Kushner, and the undersigned's offer, which Ms. Kushner declined, to discuss

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

the issues related *to this motion*, is attached. Declaration of Morgan E. Pietz i/s/o Reply, ¶ 2, <u>Exh. A</u>.

Moreover, since Ms. Kushner opened the door on the issue of meeting and conferring, the undersigned would also note that a failure/refusal to meaningfully engage with the John Does has been a hallmark of Malibu Media and Patrick Collins' litigation efforts nationwide.  Dec'l. of Morgan E. Pietz i/s/o Reply ¶ 3, <u>Exh. B</u> (sworn declarations from three defense attorneys and a 66 year old pro se defendant averring that lawyers for Malibu Media and Patrick Collins intentionally ignore meritorious factual and legal defenses raised by Doe defendants).

Aside from being inaccurate, parts of Plaintiff's opposition are also irrelevant; Plaintiff appears to have run out of steam towards the end of the brief.  Beginning around page 18, the opposition contains a number of arguments that appear to have been hastily adapted from some prior pleading in another case; there are several quizzical statements that do not apply to the moving papers at issue.  For example page 18 of the opposition explains that the instant "motion to quash is really a thinly-disguised request that the Court reconsider its prior order authorizing plaintiff to serve third-party subpoenas."  The instant motion is actually a motion for reconsideration, not a motion to quash, so this line of reasoning is inapplicable. Similarly, the entire section entitled "Defendant Misunderstands the Procedure by Which Does are Notified," all appears to be argument referring to some other motion filed by some other lawyer in some other case.  There is no page 6 to the instant motion, and page 6 of the memorandum in support of the instant motion contains no suggestion of the sort plaintiff alludes to regarding how the notice procedures work in these cases; this is clearly another irrelevant leftover from an opposition filed by Ms. Kushner in another case.

The coup de grace of Plaintiff's misleading and irrelevant arguments to the Court is plaintiff's attempt to rebut the charge that it is not actually interested in litigating any of these cases on the merits, only in leveraging "settlements" upon threat of publicly accusing ISP subscribers of illegally downloading pornography.  Oppo. pp. 23-24.  In response to

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

this accusation, plaintiff cites to seven (7) cases where it has actually "sued. . .individual defendants." As of September 20, 2012, Patrick Collins has filed 245 mass-infringement lawsuits, against anywhere from 5 to 3,757 John Does at a time. The fact that Patrick Collins has threatened thousands of people with a lawsuit, and then actually followed through and filed a mere seven lawsuits reeks of bad faith. Further, it is notable that plaintiff states it has "sued" rather than "served" individual defendants. If the numbers for Patrick Collins are anything like the numbers for Malibu Media, what this really means is that Patrick Collins has *named* a handful of people (thereby smearing the person as having a taste for hardcore pornography—an embarrassment that, thanks to PACER and similar websites, effectively cannot be erased from the Internet). Most of the time though, at or near the Rule 4(m) service of process deadline, the plaintiff simply moves to dismiss the case without prejudice. Of the 18 or so cases Ms. Kushner cites as evidence that Malibu Media is serious about "litigating," when last this office checked a couple weeks ago, only *four* (4) people had actually been served, and all the rest were cases where someone had merely been *named*.

In sum, plaintiff's opposition is rife with inaccuracies, misstatements, omissions, and arguments that are misleading and/or utterly irrelevant.

**(e)      Conclusion**

As Judge Otis Wright aptly cautioned, "the federal courts are not cogs in a plaintiff's copyright-enforcement business model. ***The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial***." *Malibu Media I*, *supra*, p. 6. (Emphasis added).

The Court should put a stop to this "extortion scheme," follow the lead of many other courts,[8] including Judges Klausner and Wright in this District, and Judge Drozd in

---

[8] *Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12 ("*Digital Sins*"), p. 8 (reviewing prior cases, explicitly adopting "most especially the comprehensive Report and Recommendation of the Hon. Gary R. Brown," and ordering that, in the future, "***any effort to take discovery prior to service must follow the sensible protocol adopted by Magistrate Judge Brown*** in *In re: []Adult Film [] Cases*."); *see also, e.g., Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 75986, 2-3 (E.D.N.Y. May 31, 2012) (citing *In re: Adult Film Cases*

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

the Eastern District, and adopt the "sensible protocol" developed by Magistrate Judge Brown in direct response to cases filed by Malibu Media and Patrick Collins. *In re: Adult Film Cases I, supra,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012). This motion asks the Court to do precisely that, and it should therefore be granted.

---

and finding "that ***for the reasons set forth in the well-reasoned decision of Magistrate Judge Gary R. Brown*** dated May 1, 2012, plaintiff has not satisfied the requirement of establishing that defendants participated in the same "transaction" or "occurrence" within the meaning of Fed. R. Civ. P. 20."); *Zero Tolerance Entm't, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 78834 (S.D.N.Y. June 5, 2012) (severing all Does other than Doe No. 1 and ***explicitly "adopt[ing] the procedures of Judge McMahon and Magistrate Judge Brown***"); *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 96351 (E.D. Cal. July 10, 2012) (citing *In re: Adult Film Cases* and denying early discovery for all Does other than Doe No. 1); *Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 96350 (E.D. Cal. July 10, 2012) (same); *Malibu Media, LLC* v. Doe, 2012 U.S. Dist. LEXIS 96333 (E.D. Cal. July 10, 2012) (same); *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 94705 (E.D. Cal. July 6, 2012) (same); *e.g., Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 2:12-cv-3614-RGK-SS, ECF No. 35, 10/10/12 (Klausner, J.) (severing Does and dismissing claims against all Does other than Doe No. 1 in the 33 Malibu Media cases pending in the Central District of California).

**REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION**

DATED: October 18, 2012

Respectfully submitted,


    /s/ Morgan E. Pietz_____

Morgan E. Pietz (Cal. Bar No. 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile:    (310) 546-5301

Attorneys for the putative Does identified
on the caption

REPLY IN SUPPORT OF JOHN DOES' OMNIBUS MOTION