UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-05267 JVS (RNBx) | Date | November 5, 2012 |
| Title | Patrick Collins Inc. v. John Does, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Leemore Kushner | Morgan E. Pietz |

**Proceedings:** **John Does' Omnibus Motion that the Court: (1) Reconsider and Vacate the Order Granting Early Discovery; (2) Sever and Dismiss all Does other than Does No. 1; and (3) Enter a protective Order (fld 8/30/12 #11)**

**John Doe #7's Motion to Quash or Modify Subpoena (Fld 9-25-12, nunc pro tunc to 8-30-12)**

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court grants the Motions to Quash, Motions for Reconsideration, Motions to Dismiss and to sever and Denying the Motions for Protective Orders. The Court makes these rulings in accordance with the tentative ruling as follows:

This action arises out of the unauthorized downloading of copyrighted adult entertainment video files by Doe Defendants identified only by their internet protocol address ("IP address"). In these cases, and others like it, copyright holders file suit and immediately seek, and generally obtain, early discovery from internet service providers ("ISP") regarding the contact information of those who are billed for service to the identified address ("subscriber information"). Currently pending before the Court are a number of motions in two related cases. These motions seek generally to quash or modify subpoenas served on the ISPs, to impose a protective order regarding information sought or obtained by those subpoenas, and to sever each Doe Defendant and require that Plaintiff litigate its claims against each Defendant separately. Consistent with the principles set forth herein, the Court quashes the subpoenas identified in the concluding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 12-05267 JVS (RNBx)                                    Date   November 5, 2012

Title   Patrick Collins Inc. v. John Does, et al.

section of this Order, and dismisses the above-captioned actions as to all Defendants except the Defendant identified as John Doe 1 in each action.[1]

I.   Factual Background

The factual allegations underlying the above-captioned cases are essentially the same, except for variations in the named defendants and the infringed works. Plaintiff owns the copyrights to several adult videos made available in various forms through the BitTorrent protocol ("BitTorrent") which it alleges were infringed when Defendants downloaded those videos in digital form.

As has been described at length elsewhere, and as alleged in the Complaints (e.g., 12-5267 ¶¶ 14-35),[2] BitTorrent is a file-sharing system whose downloading method facilitates faster downloads. Specifically, in contrast to early file-sharing programs, where users would connect individually or would connect to a central repository to exchange files, BitTorrent shares files in a "swarm," where portions of the file are distributed among different users. This enables faster, more efficient sharing of large files by distributing the work of downloading and uploading files. To use the program, a user installs a BitTorrent "client" on his or her computer. The process of exchanging files on BitTorrent begins with the "Initial Seeder," an individual user who has the original file, in this case an unauthorized copy of Plaintiff's works, that is listed on an index of files available through BitTorrent. Other users interested in the file will connect to BitTorrent and use a "tracker" to find and download the file from the Initial Seeder and other users. To facilitate faster downloading, BitTorrent breaks the file into smaller

---

[1] In 12-5267, John Doe 1 is identified as the Doe Defendant associated with IP address 108.60.46.7. (Compl. Ex. A at 1.) In 12-5268, John Doe 1 is identified as the Doe Defendant associated with IP address 68.5.180.169. (Compl. Ex. A at 1.)
In 12-5268, a Defendant identified as "Doe X" moves to dismiss for misjoinder. Although the Court was unable on the written filings to discern whether Doe X is John Doe 1, at the hearing, counsel for Doe X confirmed that the IP address associated with Doe X is that associated with the Doe Defendant identified as Doe 1. For that reason, the Court denies the Motion to Dismiss filed by Doe X.

[2] Herein, otherwise undesignated paragraph references are to this initial Complaint, Case No. 12-5267.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05267 JVS (RNBx) | Date | November 5, 2012 |
|---|---|---|---|

| Title | Patrick Collins Inc. v. John Does, et al. |
|---|---|

pieces, each of which is assigned an alphanumeric number unique to the original file, known as a "hash number."

BitTorrent rules dictate that once a user downloads a piece of the original file, that piece is immediately available for other users to download. At this point, the user is considered a "peer" and a part of the "swarm." Once a user has downloaded all of the file pieces, BitTorrent compares the hash number of each piece against that recorded in the original file to ensure that the reconstituted file is error-free and then, the file is reassembled. If the reconstituted file is error-free, the user becomes a new "seeder" and the reconstituted file is now a new "seed."

Once a download is complete, a user may then disconnect or remain connected to continue seeding the file to other users. The aggregate group of users (peers and seeders) who can share at least a piece of a particular file is called a "swarm." A BitTorrent "tracker" stores a list of all users within the swarm and facilitates the exchange of data when a new user seeks the particular file. The tracker directs a new user only to peers and seeders within the "swarm" that are connected to BitTorrent at the time of the request.

Plaintiff alleges that Defendants unlawfully downloaded and uploaded Plaintiff's copyrighted works using BitTorrent. (¶ 10.) In each case, Defendants allegedly shared the same digital copy of Plaintiff's works with the other named-defendants and participated in the same "swarm" at some point during a six- to ten-week period. (12-5267 Ex. A; 12-5268 Ex. A.)

Upon discovering that its works were available through BitTorrent, Plaintiff hired IPP, Limited ("IPP") to identify the internet protocol ("IP") addresses associated with the infringing activity. (¶ 36.) IPP connected to BitTorrent and downloaded various pieces of files containing Plaintiff's works. (¶¶ 37-38.) In order to use BitTorrent, users are required to reveal their IP addresses to each other, and thus, by downloading these pieces, IPP identified IP addresses associated with the infringing activity, and the date and time of the alleged infringement. ISPs assign IP addresses to subscribers when they use the ISPs' internet services. (¶ 9.)

II.     Motions to Quash or for Reconsideration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 12-05267 JVS (RNBx)                           Date   November 5, 2012

Title   Patrick Collins Inc. v. John Does, et al.

    Various Defendants move to quash the subpoenas issued to ISPs seeking subscriber information.  The Motions for Reconsideration seek the same relief.  These subpoenas were authorized by the Court.  (12-5267 Docket No. 6 at 3; 12-5268 Docket No. 7 at 5-6.)

    A.   Standard for Quashing Third-Party Subpoenas

    Defendants move to quash court-authorized subpoenas to their ISPs seeking their contact information.  When called upon to do so, district courts "must modify or quash a subpoena that, *inter alia*, 'requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden,'" and district courts "may modify or quash a subpoena that, inter alia, requires disclosing confidential information."  See Hard Drive Productions, Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011) (quoting and citing Fed. R. Civ. P. 45(c)(3)(A) & (B), respectively).

    Defendants also move for reconsideration of the Court order authorizing those subpoenas.  Although Plaintiff correctly points out the standard for granting a Motion for Reconsideration is a high hurdle for a movant to clear, the Court does not believe it applies in this instance.  The Court's Local Rule regarding reconsideration presumes that the moving party participated in the process that led to the order as to which reconsideration is sought.  See L.R. 7-18 (e.g., referring to differences in facts or law that "could not have been known to the party moving for reconsideration at the time of such decision.").  Simply put, because the subject matter sought by the early discovery order was the identity of all the Doe Defendants, those Defendants were completely unaware of the present proceedings and thus, they were given no opportunity to raise any argument against discovery of their identities.

    Thus, in resolving both the Motions to Quash and the Motions for Reconsideration, the Court simply revisits the issue of whether its orders authorizing the subpoenas at issue here would have been issued in the first instance if the Court had had occasion to consider those arguments.  Cf. City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (court may alter or amend any interlocutory order "for cause seen by it to be sufficient").  In short, the Court examines whether there is good cause for the issuance of the subpoenas in these actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-05267 JVS (RNBx) | Date | November 5, 2012 |
| Title | Patrick Collins Inc. v. John Does, et al. | | |

      B.      Authorization for Early Discovery

      Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as Doe Defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. See, e.g., Hard Drive Productions, Inc. v. Does 1-90, C11-03825 HRL, 2012 WL 1094653 (N.D. Cal. Mar. 30, 2012); see also Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (applying same standard).

      Although generally "the use of 'John Doe' to identify a defendant is not favored," [w]here it is "very likely" that early discovery will reveal the identity of an unknown Doe Defendant, and where the complaint is not otherwise subject to dismissal, it is an abuse of the Court's discretion to deny early discovery. See, e.g., Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

      C.      Application of the Good Cause Factors

      At the outset, the Court notes that in its initial application, Plaintiff identified a different test for the finding of good cause. (See, e.g., 12-5267 Docket No. 3 at 2 (citing UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008)); cf. 12-6268 Docket No. 4 at 2 (citing additional factors).) Although the alternative test identified is not without support, see id. (collecting cases), the Court believes the four factors identified above are a better representation of the Ninth Circuit case law on the relevant "good cause" standard. In any event, the factors identified by Plaintiff are not wholly irrelevant to a determination of good cause, and the Court considers them in determining the manner in which it should exercise its discretion in this instance.

      Specifically, Plaintiff contends "in Internet infringement cases, courts routinely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 12-05267 JVS (RNBx)                                                   Date   November 5, 2012

Title   Patrick Collins Inc. v. John Does, et al.

find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." (12-5267 Docket No. 3 at 2.) The Court agrees regarding the Plaintiff's prima facie showing of infringement based on its allegations, and that there is no other way to identify the Doe Defendants. Moreover, assuming that ISPs retain information regarding IP addresses only for a short period of time, this would weigh in favor of early discovery.[3]

As to the four factors identified above, the notes that the first one is met. Based on ISP records, IP addresses can be linked to personal contact information for the person who is billed for the internet usage associated with the IP address.[4] Thus, the information can be used to identify a real person or entity who could be sued.

The Court also finds that Plaintiff indirectly meets the second factor with the Fieser Declaration, in which Plaintiff's technical consultant with IPP details his identification of the IP addresses identified in the Complaint.

As to the third factor, whether the claims could withstand a motion to dismiss, the Court has already commented on one component of this factor — to be sure, Plaintiff has stated a claim for copyright infringement. However, the question is not merely whether Plaintiff has stated a claim upon which relief may be granted. Instead, the inquiry is whether the suit against the defendants could withstand a motion to dismiss. As set forth below, the Court dismisses the present actions as to all Defendants except Defendant John Doe 1. Thus, on this basis, as to all Defendants except John Doe 1, the Court grants the Motions to Quash and for Reconsideration.

---

[3] Plaintiff's evidence on this point is vague and conclusory and, without expressing an opinion regarding its admissibility, the Court notes it is at least vulnerable to an attack for lack of foundation. (See 12-5276 Docket No. 5-1 (Fieser Decl.) ¶ 10 ("Many ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time.").) Moreover, it is entirely unclear whether the specifically identified ISPs at issue in this action fall into the vague description of "[m]any ISPs." Nevertheless, for purposes of the present matter, the Court assumes the accuracy of this representation.

[4] However, as understood by the parties and the Court, this contact information does not necessarily identify the person who downloaded the copyrighted work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 12-05267 JVS (RNBx)                                    Date   November 5, 2012

Title   Patrick Collins Inc. v. John Does, et al.

      As for the fourth factor, as to all Defendants, including John Doe 1, the Court notes its agreement with cases that have found, based on the proliferation of wireless internet and wireless-enabled mobile computing, that subscriber identity is not a reliable indicator of infringer identity.[5]  See, e.g., Malibu Media LLC v. John Does 1-10, No. 12-1642 (Docket No. 32) at 3-5 (C.D. Cal. Oct. 10, 2012); Hard Drive Productions, 2012 WL 1094653, at *3-4; AF Holdings LLC v. Does 1-96, C-11-03335 JSC, 2011 WL 4502413, at *3 (N.D. Cal. Sept. 27, 2011).

      In making its ruling, the Court acknowledges that courts across the nation are split on this issue, and other courts have found proper similar early discovery requests.  Nevertheless, as set forth above, the Court concludes that the requests in the above-captioned cases are not.  Accordingly, the Court vacates its Orders granting Plaintiffs' Ex Parte Applications for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference.  (12-5267 (Docket No. 6) & 12-5268 (Docket No. 7).)  These Orders were improvidently granted.  Moreover, the Court quashes all subpoenas issued as a result of those Orders.

      However, in doing so, the Court recognizes the difficulty encountered by copyright holders in correctly identifying those who pseudo-anonymously download copyrighted works via the internet without authorization.  The Court is of the opinion that early discovery could be appropriate where a copyright holder makes a more particularized showing of how subscriber information will be used to identify the person or person(s) who have engaged in infringing activities.  The Court quashes the subpoenas without prejudice to future applications by Plaintiff that makes such a particularized showing.

III.    Motion to Sever

      Defendants move to dismiss all Defendants except John Doe 1 for misjoinder.

      Rule 20 of the Federal Rules of Civil Procedure sets forth specific standards for permissive joinder.  Under Rule 20, parties may be joined in a single lawsuit where the claims against them arise from a single transaction or a series of closely related transactions.  Where misjoinder is found, the entire action should not be dismissed; however, on motion or on its own initiative, courts may add or dismiss parties or claims.

---

[5] See footnote 4, *supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05267 JVS (RNBx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | Patrick Collins Inc. v. John Does, et al. | | |

Fed. R. Civ. P. 21.

     Here, the Defendants engaged in separate transactions.  Although Plaintiff argues that the membership in the same BitTorrent "swarm" means their actions are closely related transactions, the Court disagrees.  Instead, the Court agrees with the many cases in which misjoinder has been found involving "swarms" of Doe Defendants.[6] See Hard Drive Productions, 2012 WL 1094653, at *6 (collecting cases); Hard Drive Productions, Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1159-1164 (N.D. Cal. 2011) (discussing cases); Malibu Media LLC v. John Does 1-10, No. 12-1642 (Docket No. 32) at 5-6 (C.D. Cal. Oct. 10, 2012).  Thus, the Court finds that the Defendants do not meet the Rule 20(a) requirements for permissive joinder.  Therefore, the Court dismisses the action as to all Defendants other than John Doe 1 in each of the above-captioned case.

     Plaintiff argues that the "logical relationship test" renders permissive joinder appropriate in this action.  (12-5267 Docket No. 13 at 12-16.)  The Ninth Circuit's version of this test imposes an additional requirement, and it is phrased as requiring a "very definite logical relationship" between or among claims.  In the earliest use of this test in the Ninth Circuit that the Court has located,[7] the Ninth Circuit concluded that the "very definite logical relationship" between a counterclaim and the main action led to conclusion that claims arose "out of the same transaction or occurrence" and joinder was proper.  Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960).  The court so concluded in a case that pitted joint venturers against each other claim for

---

    [6] The Court's conclusion might be altered if there was a showing that the a particular Doe Defendant uploaded a portion of a file to another Doe Defendant joined in the same action.  However, given the structure of the BitTorrent system, the number of users, and the random nature in which the files are distributed, the Court finds unlikely such an occurrence would commonly occur among Defendants in the same forum state. Cf. Hard Drive Productions, 2012 WL 1094653, at *6 (discussing this circumstance as an improbable possibility).  Indeed, here, in both the 12-5267 and the 12-5268 case, the conduct complained of as to the ten Doe Defendants occurred at different dates and times.  (See 12-5267 Compl. Ex. A (chart of IP addresses and "Hit dates" and times) & 12-5268 Compl. Ex. A (same).)

    [7] It is also the only use of this test in a Ninth Circuit case that the Court has located.  Although a number of district courts cite to the much more recent case of Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000), and although Bautista also recites the same language requiring a "very definite logical relationship," that discussion is found only in Judge Reinhardt's concurring opinion, and the majority opinion does not discuss or analyze any joinder issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-05267 JVS (RNBx) | Date | November 5, 2012 |
| Title | Patrick Collins Inc. v. John Does, et al. | | |

accounting and counterclaim for conversion of certain jointly purchased equipment had requisite "very definite logical relationship". The facts at issue here are not so compelling, and the relatedness among the present claims is not present to the degree that it was in Union Paving Co. that led the Ninth Circuit to conclude that a "very definite logical relationship" between the claims existed.

In any event, even if the requirements for permissive joinder were met, this Court would exercise its discretion to sever the claims against John Does 2 through 10. "Even once the[ Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000).

Defense counsel contends that the present action, and others like it, represent Plaintiff's use of the courts to extract quick settlements through the use of questionable settlement tactics, conducted in the absence of any intent to serve any Defendant with process or to otherwise prosecute their claims. (See generally Pietz Decl. (12-5267 Docket No. 11-2).) Plaintiff criticizes defense counsel's account of his settlement discussions with Plaintiff's non-attorney "settlement negotiator" as mere "anecdotal evidence" unrelated to the present action; however, counsel's representations carry some weight in light of the Court's examination of its own docket.

In 2011, Patrick Collins Inc. filed eight lawsuits in the Central District, all alleging copyright infringement against 8 to 10 Doe Defendants, or 78 Doe Defendants in total.[8] All of these cases[9] followed this pattern: Court-authorized early discovery of subscriber information was sought from ISPs; with one exception, Plaintiff sought at least one extension of the time in which to serve Defendants; and Plaintiff voluntarily dismissed the action *without serving a single Defendant with process*.[10] From this record, a pattern

---

[8] In the Central District, Local Rule 19-1 limits the number of Doe Defendants that may be named in each action to 10.

[9] These cases are identified as Patrick Collins v. Does, Nos. 11-2796, 11-2797, 11-2798, 11-2799, 11-2802, 11-2803, 11-1180, and 11-2360.

[10] Plaintiff dismissed claims with prejudice against a handful of Defendants. The Court assumes on the present record that this was because those Defendants settled with Plaintiff, but allows for other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-05267 JVS (RNBx) | Date | November 5, 2012 |
| Title | Patrick Collins Inc. v. John Does, et al. | | |

has emerged that is both consistent with defense counsel's "anecdotal evidence" and that weighs in favor of discretionary severance in the above-captioned actions.

Additionally, the Court notes its agreement with cases that observe individualized facts and defenses weigh in favor of the exercise of discretionary severance. See, e.g., Third Degree Films, Inc. v. Does 1-131, 280 F.R.D. 493, 498 (D. Ariz. 2012); In re BitTorrent Adult Film Copyright Infringement Cases, CIV.A. 11-3995 DRH, 2012 WL 1570765, at *11-12 (E.D.N.Y. May 1, 2012).

IV. Motion for Protective Order

In light of the Court's rulings herein, and in light of the Court's Order in the concluding section of this Order, the Court finds that imposition of a protective Order in this action is not warranted.

V. Conclusion

As set forth above, the Court orders the relief specified in this Order without prejudice to Plaintiff making a more particularized showing in support of its application for early discovery. The Court vacates its previous Orders authorizing early discovery, quashes the subpoenas issued pursuant to those Orders, and (as set forth in subsections B. through D., below) orders that certain actions be taken by Plaintiff in light of the relief ordered herein.

The Court dismisses without prejudice the above-captioned action as to all Doe Defendants except Doe Defendant 1, identified in footnote 1, *supra*.

A. Rulings

As set forth herein, the Court rules on the pending Motions as follows:

---

possibilities, such as Plaintiff's realization that the subscriber was not responsible for downloading the copyrighted work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 12-05267 JVS (RNBx)                              Date  November 5, 2012

Title     Patrick Collins Inc. v. John Does, et al.

Case No. 12-5267 JVS

(1) Motion for Reconsideration and Motion to Sever (Docket No. 11)
    The Motion for Reconsideration and Motion to Sever are granted.

(2) John Doe 7's Motion to Quash (Docket No. 15)
    The Motion to Quash is granted.

Case No. 12-5268 JVS

(1) John Doe X's Motion to Dismiss or for Protective Order (Docket No. 15)
    Because Doe X's IP address is that identified in footnote 1 *supra*, as belonging to Doe 1, this Motion to Dismiss is denied. The Motion for Protective Order is denied in light of the orders of the Court set forth *infra* and in light of the stipulation of counsel noted on the record and expected to be memorialized by the written stipulation of counsel.

(2) John Doe 7's Motion for Reconsideration, to Sever, and for a Protective Order (Docket No. 21).
    The Motion for Reconsideration and to Sever are granted; the Motion for Protective Order is Denied.

(3) Motion to Quash and to Sever (Docket No. 22)
    The Motion to Quash and to Sever are granted.

  B. Vacatur of Previous Orders Authorizing Third-Party Discovery

  The Court vacates its Orders authorizing third-party discovery as improvidently granted. The Court quashes the subpoenas issued by Plaintiff in response thereto. No subpoena recipient is obligated to respond to subpoenas previously authorized by those Orders.

  C. Plaintiff's Service of Order on Doe Defendants and ISPs

  Plaintiff shall serve the present Order on all individuals and/or entities with whom it has communicated (whether in writing, by telephone, or any other means) regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05267 JVS (RNBx) | Date | November 5, 2012 |
|---|---|---|---|
| Title | Patrick Collins Inc. v. John Does, et al. | | |

present claims or the present action. This Order requires, at a minimum, that Plaintiff serve the present Order on (1) any putative Doe Defendants with which it or its agents have communicated regarding the claims asserted in the above-captioned actions, (2) any ISPs or other individuals or entities that have been served with subpoenas as a result of the Court's now-vacated Orders, and (3) any settlement negotiators or agents who have been tasked engaging in settlement efforts on its behalf.

D.   Destruction of Information Obtained by Subpoenas

Plaintiff is ordered to ensure the destruction of information obtained by the subpoenas that were issued as a result of the improvidently granted Orders authorizing those subpoenas.

**IT IS SO ORDERED.**

|  |  | 0 | : | 16 |
|---|---|---|---|---|
|  | Initials of Preparer | kjt | | |